## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL KENT, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT FOR VIOLATIONS** |
| | ) | **OF THE FEDERAL SECURITIES** |
| | ) | **LAWS** |
| LHC GROUP, INC., KEITH G. MYERS, | ) | |
| MONICA F. AZARE, TERI G. FONTENOT, | ) | JURY TRIAL DEMANDED |
| JONATHAN GOLDBERG, CLIFFORD S. | ) | |
| HOLTZ, JOHN L. INDEST, RONALD T. | ) | |
| NIXON, W. EARL REED, III, and BRENT | ) | |
| TURNER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Michael Kent ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

### NATURE OF THE ACTION

1.  Plaintiff brings this action against LHC Group, Inc. ("LHC Group" or the "Company"), and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a)(4), and 78t(a).  By the action, Plaintiff seeks to enjoin the vote on a proposed transaction pursuant to which UnitedHealth Group Incorporated, through its wholly-owned subsidiary Lightning Merger Sub Inc. (collectively "UnitedHealth"), will acquire the Company (the "Proposed Transaction").

2.  On March 29, 2022, the Company entered into an Agreement and Plan of Merger to be acquired UnitedHealth (the "Merger Agreement").  The Merger Agreement provides that Company stockholders will receive $170.00 in cash for each share of LHC Group stock they own.

3.  On May 17, 2022, LHC Group filed a Definitive Proxy Statement on Schedule 14A (the "Proxy Statement") with the SEC.  The Proxy Statement, which recommends that LHC Group

stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4.      It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights.

5.      For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7.      The Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations in this District, or is an individual who has sufficient minimum contacts with this District so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9.      Plaintiff is, and has been at all times relevant hereto, a stockholder of LHC Group.

10.     Defendant LHC Group is a Delaware corporation with its principal executive offices located at 901 Hugh Wallis Road South, Lafayette, LA 70508. LHC Group common stock trades on NASDAQ under the ticker symbol "LHCG."

11.     Defendant Keith G. Myers has been CEO and a director of the Company since 1994. A co-founder of the Company, Defendant Myers also serves as Chairman of the Board.

12.     Defendant Monica F. Azare is and has been a director of the Company since 2007.

13.     Defendant Teri G. Fontenot is and has been a director of the Company since 2019.

14.     Defendant Jonathan Goldberg is and has been a director of the Company since 2018.

15.     Defendant Goldberg served as a director of Almost Family from 1997 until its merger with LHC in 2018.

16.     Defendant Clifford S. Holtz is and has been a director of the Company since 2018.

17.     Defendant Holtz served as a director of Almost Family from 2017 until its merger with LHC in 2018.

18.     Defendant John L. Indest is and has been a director of the Company since 2000. Defendant Indest held numerous high-level positions at LHC from 1998 through 2009, including as President and Chief Operating Officer. Defendant Indest served as Special Advisor to the CEO from 2009 to 2011, and has since served as a consultant to the Company.

19.     Defendant Ronald T. Nixon is and has been a director of the Company since 2001.

20.     Defendant W. Earl Reed, III is and has been a director of the Company since 2018.

21.     Defendant Reed served as a director of Almost Family from 2000 until its merger with LHC in 2018.

22.     Defendant Brent Turner is and has been a director of the Company since 2014.

23.     Defendants identified in paragraphs 11-22 are referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

24.     On March 29, 2022, LHC Group and UnitedHealth announced in relevant part:

EDEN PRAIRIE, Minn. and LAFAYETTE, La. (March 29, 2022) -- UnitedHealth, a diversified health services company, and LHC Group (NASDAQ: LHCG), a national patient-focused provider of high-quality in-home health care services, have agreed to combine to further strengthen their shared ability to advance value-based care, especially in the comfort of a patient's own home. The agreement calls for the acquisition of LHC Group's outstanding common stock for $170 per share.

The combination of LHC Group with UnitedHealth Health, which works with over 100 health plans, unites two organizations dedicated to providing compassionate and comprehensive care to patients and their families. LHC Group's history of high-quality home and community-based care matched with UnitedHealth's extensive value-based care experience and resources will accelerate the combined companies' ability to deliver integrated care, improving outcomes and patient experiences.

"LHC Group's sophisticated care coordination capabilities and its warm, human touch is so important for home care, and will greatly enhance the reach of UnitedHealth's value-based capabilities along the full continuum of care, including primary care, home and community care, virtual care, behavioral health and ambulatory surgery," said Dr. Wyatt Decker, CEO, UnitedHealth Health. "We greatly admire how the people of LHC Group have created a culture that enables them to be a trusted health care partner to patients and their families when they need it the most, and we look forward to working with and learning from them."

"Since our founding in 1994, 'It's all about helping people' has been the core of our mission, and as part of the UnitedHealth team and its value-based capabilities, we will be able to expand our patient-centered mission and help drive best care practices across the country," said Keith G. Myers, LHC Group's chairman and CEO. "Working together as organizations committed to caring for the most vulnerable in society will help us more effectively and efficiently deliver high quality and increasingly value-based care in the home."

LHC Group's 30,000 employees, including frontline care providers, and administrative and support personnel, provide more than 12 million annual in-home patient-focused interventions and is widely recognized as one of the highest-quality providers of in-home care, with quality scores consistently running more than one-third higher than industry norms. The LHC Group leadership team will continue forward as part of UnitedHealth Health.

The agreement calls for the acquisition of LHC Group's common stock for $170 per share in cash and is expected to close in the second half of 2022 subject to the LHC Group shareholders approvals, regulatory approvals and other customary closing conditions. Co-founders Keith and Ginger Myers will personally invest

$10 million in UnitedHealth Group stock following the close of the combination. The acquisition is expected to be neutral to UnitedHealth Group's outlook for adjusted net earnings per share in 2022, modestly accretive in 2023, and advancing strongly in subsequent years.

**The Proxy Statement Contains Material Misstatements or Omissions**

25.     Defendants filed a materially incomplete and misleading Proxy Statement with the SEC and disseminated it to LHC Group's stockholders.  The Proxy Statement misrepresents or omits material information necessary for the Company's stockholders to make an informed voting or appraisal decision on the Proposed Transaction.

26.     Specifically, as set forth below, the Proxy Statement fails to provide Company stockholders with material information or provides them with materially misleading information concerning the Company's financial forecasts and the financial analyses that support the fairness opinions provided by the Company's financial advisors, SVB Securities LLC ("SVB Securities") and Jefferies LLC ("Jefferies").

*Material Omissions Concerning the Company's the Financial Forecasts and Analyses Relied on by the Board*

27.     The Proxy Statement omits material information regarding the data and inputs underlying the valuation analyses performed by SVB and Jefferies.

28.     The Proxy Statement describes the respective fairness opinion of each financial advisor and the various underlying valuation analyses.  Those descriptions, however, omit key inputs and assumptions forming the bases of these analyses.  The absence of this material information precludes the Company's public stockholders from fully understanding each financial advisor's work.  As a result, LHC Group stockholders cannot assess what significance to place on each fairness opinion in determining whether to approve the Proposed Transaction or otherwise act.

29.     With respect to the *Discounted Cash Flow Analysis* ("DCF") *of SVB Securities* performed by SVB, the Proxy Statement fails to disclose: (a) both sets of after-tax unlevered free cash

flows ("UFCFs") for the period beginning on January 1, 2022 and ending on December 31, 2026 utilized in the analyses – (i) assuming the Company makes no incremental acquisitions during the applicable period based on the Company's Projections of Net Service Revenue – Organic and Adjusted EBITDA – NCI – Organic, and (ii) assuming the Company will continue to execute on incremental acquisitions during the applicable period based on the Company's Projections of Net Service Revenue – M&A and Adjusted EBITDA – NCI – M&A, as well as the definition SVB utilized to calculate the UFCFs and the underlying projections; (b) each of LHC Group's terminal year UFCFs utilized in the analyses; (c) the Company's terminal values; and (d) the inputs and assumptions underlying the range of discount rates SVB utilized in connection with the analysis.

30.     With respect to the *DCF* performed by Jefferies, the Proxy Statement fails to disclose: (a) LHC Group's UFCFs for calendar years ending December 31, 2022 through December 31, 2026 utilized in the analysis, as well as the definition Jefferies utilized to calculate the UFCFs and the underlying projections; (b) LHC Group's normalized UFCF for the calendar year ending December 31, 2026 utilized to derive the terminal values; (c) the Company's terminal values; and (d) the inputs and assumptions underlying the range of discount rates Jefferies used in connection with the analysis.

31.     With respect to the *Publicly Traded Company Analysis of SVB Securities* performed by SVB, the Proxy Statement fails to disclose: (a) the estimated 2022-23 EBITDA and 2022-23 earnings for each of the selected companies analyzed by SVB; and (b) LHC Group's 2022 and 2023 Adjusted EBITDA-NCI and 2022 and 2023 Adjusted EPS utilized in the analysis.

32.     With respect to SVB's analysis of one-year forward stock price targets for LHC common stock, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

33.     With respect to SVB's analysis of premiums paid in merger and acquisition

transactions, the Proxy Statement fails to disclose: (a) the transactions analyzed; and (b) the individual premiums observed for each transaction.

34.     With respect to the *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis* performed by Jefferies, the Proxy Statement fails to disclose: (a) the individual multiples and financial metrics for each of the selected companies and transactions analyzed by Jefferies; and (b) the Company's 2022 and 2023 adjusted EBITDA and 2022 and 2023 adjusted EPS utilized in the *Selected Public Companies Analysis*.

35.     With respect to Jefferies' analysis of the implied premiums paid or proposed to be paid in selected mergers and acquisition transactions, the Proxy Statement fails to disclose: (a) the transactions analyzed; and (b) the individual premiums observed for each transaction.

36.     The omission of this information renders the statements in the "Certain Financial Projection" and "Opinion of LHC's Financial Advisor" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.  Indeed, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

***Material Omissions Concerning Potential Conflicts***

37.     The Proxy Statement also fails to disclose material information concerning potential conflicts and the background of the Proposed Transaction, including whether UnitedHealth's proposals or indications of interest mentioned management retention or director participation in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

38.     In addition, the Proxy Statement fails to disclose the terms of the non-disclosure agreement ("NDA") the Company entered into with a party identified in the Proxy Statement as "Party

A," including whether the NDA contains a "don't-ask, don't-waive" standstill provision that is still in effect and presently precluding Party A from submitting a topping bid for the Company.

39.     The omission of this information renders the statements in the "Background of the Merger" and "Interests of LHC's Directors and Executive Officers in the Merger" sections of the Proxy Statement false and/or materially misleading in contravention of the Exchange Act.

40.     The Individual Defendants were aware of their duty to disclose the above-referenced omitted information and acted negligently (if not deliberately) in failing to include this information in the Proxy Statement.   Absent disclosure of the foregoing material information prior to the stockholder vote on the Proposed Transaction, Plaintiff and the other LHC Group stockholders will be unable to make an informed voting or appraisal decision on the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and LHC Group**

41.     Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

42.     The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9.   LHC Group is liable as the issuer of these statements.

43.     The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.   By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.\

44.     The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

45.     The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.  In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

46.     The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

47.     By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

48.     Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims Against the Individual Defendants for
### Violation of Section 20(a) of the Exchange Act

49.     Plaintiff repeats all previous allegations as if set forth in full.

50.     The Individual Defendants acted as controlling persons of LHC Group within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as officers or directors of LHC Group and participation in or awareness of the Company's operations or intimate knowledge of the false statements contained in the Proxy Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

51.     Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement and other statements alleged by Plaintiff to be misleading prior to or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

52.     In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same.  The Proxy Statement at issue contains the unanimous Proxy of each of the Individual Defendants to approve the Proposed Transaction.  They were, thus, directly involved in the making of this document.

53.     In addition, as the Proxy Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction.  The Proxy Statement purports to describe the various issues and information that they reviewed and considered — descriptions which had input from the Individual Defendants.

54.     By virtue of the foregoing, the Individual Defendants have violated section 20(a) of the Exchange Act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of LHC Group, and against defendants, as follows:

A.     Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to LHC Group stockholders;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C.      Declaring that defendants violated Sections 14(d), 14(e) and/or 20(a) of the Exchange Act;

D.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  June 1, 2022

**LONG LAW, LLC**

By   */s/ **Brian D. Long***

Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*